# EXHIBIT A

KRISTA D. CAPEHART          vs. WESTFIELD INSURANCE COMPANY      W31174

LINE   DATE    ACTION

 1  08/14/17   CASE FILED/SNT TO WV SOS FOR SRV

SCANNED

STATE OF WEST VIRGINIA
COUNTY OF PUTNAM, SS:

I, Ronnie W. Matthews, Clerk of the Circuit Court of said County and in said State, do hereby certify that the foregoing is a true copy from the records of said Court. Given under my hand and the seal of said Court this 30th day of August 20 17

Ronnie W. Matthews, Clerk
Circuit Court
Putnam County, W.Va.

SUMMONS 

## IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

KRISTA D. CAPEHART

    Plaintiff

vs               Civil Action No. 17-C- 177

WESTFIELD INSURANCE COMPANY

    Defendant

To: WESTFIELD INSURANCE COMPANY
   ONE PARK CIRCLE
   WESTFIELD CENTER, OHIO 44251

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Atkins & Ogle Law Offices, LC, plaintiff's attorney, whose address is 105 River Vista Drive, P. O. Box 300, Buffalo, WV 25033, an answer, including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: August 14, 2017

              Ronnie W Matthews
              Clerk of Court

              By: _____
                 Deputy Clerk

**MEMORANDUM TO CLERK**
**FOR INSTITUTING CIVIL ACTION**

RONNIE W. MATTHEWS
FILE
PUTNAM CO. CIRCUIT COURT

2017 AUG 14 AM 9:01

To the Clerk of the Circuit Court of Putnam County, West Virginia

Plaintiff(s)                              Case# 17-C- 177

KRISTA D. CAPEHART



vs

| Defendant(s) | Days to Answer | Type of Service |
|---|---|---|
| WESTFIELD INSURANCE COMPANY<br>ONE PARK CIRCLE<br>WESTFIELD CENTER, OHIO 44251 | 30 | SEC OF STATE |

Please issue summons in the above-styled action as indicated.

Original and  1  copies of complaint furnished herewith.

James B. Atkins (#8960)
Paul S. Atkins (#183)
Bree Whipp Ogle (#10133)
ATKINS & OGLE LAW OFFICES, LC
Counsel for Plaintiff
105 River Vista Drive
Buffalo, WV 25033
(304) 937-4919

Date: 14 August 2017

| PLAINTIFF: KRISTA D. CAPEHART RONNIE W. MATTHEWS FILE DEFENDANT: WESTFIELD INSURANCE COMPANY PUTNAM CO. CIRCUIT COURT 2017 AUG 14 AM 9:01 | CASE NUMBER: 17-C-177 |
|---|---|

**COPY**

## II. TYPE OF CASE

| ☐ General Civil | ☐ Adoption | ☐ Appeal from Magistrate Court |
|---|---|---|
| ☐ Contract | ☐ Mental Health | ☐ Miscellaneous Civil |
| ☐ Tort | ☐ Product Liability | ☒ Other: Personal Injury |

**III. JURY DEMAND:**   ☐ Yes   ☒ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): ___Nov / 2017___

IV.  DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE ANY SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?   ☐ YES   ☒ NO
IF YES, PLEASE SPECIFY:

_____

James B. Atkins (#8960)
ATKINS & OGLE LAW OFFICES, LC
105 River Vista Drive
P. O. Box 300
Buffalo, WV 25033
(304) 937-4919

Representing:

☒ Plaintiff    ☐ Defendant

Dated: __14 August 2017__

_____
Signature

RONNIE W. MATTHEWS
FILE
PUTNAM CIRCUIT COURT
2017 AUG 14 AM 9:01

COPY

IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

KRISTA D. CAPEHART

      Plaintiff,

v.                                                CIVIL ACTION NO: 17-C- 177
                                                JUDGE Stowers

WESTFIELD INSURANCE COMPANY,

      Defendant.

## COMPLAINT

NOW COMES your Plaintiff, Krista D. Capehart, by counsel, James B. Atkins, Atkins & Ogle Law Offices, L.C., and complains and alleges unto Your Honor as follows:

1. The Plaintiff, Krista D. Capehart, is a resident of Putnam County, West Virginia;

2. The Defendant, Westfield Insurance Company, is a foreign corporation, licensed to transact and engaged in the business of insurance in West Virginia, including in Putnam County, West Virginia;

3. At all times, Defendant was engaged in the business of insurance in West Virginia, as defined in the West Virginia Unfair Trade Practices Act §33-11-2 *et. seq.* of the West Virginia Code;

4. The Defendant is the underinsured insurance motorist carrier of the Plaintiff;

5. On the day of 14th day of August, 2015, Plaintiff was operating her vehicle, and stopped at a stop sign at the end of Slab Fork Road, adjoining the Coalfields Expressway, when her vehicle was violently struck at high speed on the front left side by

1

a motor vehicle operated by Robert Cooper, causing the Plaintiff to sustain serious and permanent personal injuries.

6. The collision was solely caused by the recklessness, carelessness and negligence Robert Cooper, for that among other acts and omissions, the operator Robert Cooper:

A. Operated the motor vehicle at a high, dangerous and excessive rate of speed under the circumstances then and there existing;

B. Failed to keep a proper lookout for other vehicles lawfully upon the highway;

C. Failed to apply his brakes in time to avoid striking the Plaintiff's vehicle;

D. Failed to maintain proper and adequate control of the motor vehicle;

E. Failed to reduce speed to avoid a collision;

F. Failed to observe due care and precaution;

G. Failed to exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing;

H. Violated the statutes governing the operation of a motor vehicle; and

I. Was otherwise negligent in other respects not now known to the Plaintiff but which may become known prior to or at the time of trial.

7. As a direct and proximate result of the negligence of Robert Cooper, the Plaintiff suffered injuries and incurred special damages;

8. The Plaintiff settled her claim against Robert Cooper for the liability policy of insurance for the policy limits;

9. The Plaintiff asserted a claim against the Defendant for underinsured motorist benefits under his policy of insurance with the Defendant;

10. Jurisdiction and venue are appropriate in this county as it is the county where the Plaintiff resides and in which the Defendant engages in business;

### Count I – Breach Of Contract - Underinsured Motorist Benefits

11. The Plaintiff hereby restates and re-alleges each and every allegation set forth in paragraphs 1-10, as if set forth herein;

12. At all times relevant hereto, the Robert Cooper was an underinsured motorist as that term is defined by applicable law;

13. At the time of the subject accident, the Plaintiff was insured under an automobile policy issued by Defendant, with underinsured motorist coverage;

14. All premiums were paid as due and Plaintiff complied with all of the terms and conditions of the Westfield policy;

15. The vehicle operator Robert Cooper was negligent and reckless and the sole proximate cause of the August 14, 2015 accident, and as a result of said conduct, the Plaintiff is entitled to recover damages;

16. Defendant Westfield was notified of the subject accident and has had the opportunity to investigate the claim of the Plaintiff for underinsured motorist benefits;

17. Defendant Westfield's policy provides that it is required to pay the Plaintiff all sums that she is legally entitled to recover from a negligent operator of a vehicle that is underinsured, and Defendant is therefore responsible for payment to the Plaintiff of

the underinsured motorist coverage benefits afforded to her by her policy of insurance with the Defendant;

18. The Defendant has refused to pay the Plaintiff the reasonable value of her claim for personal injuries under his policy of insurance;

19. The Defendant has breached its duties and obligations to the Plaintiff under the insurance policy by its failure to offer to Plaintiff a fair and reasonable settlement of his underinsured motorist claim;

20. The Defendant's refusal to complete the settlement of the Plaintiff's claim has continued, despite the fact that Westfield's liability to the Plaintiff is and has been reasonably clear;

21. As a direct and proximate result of Defendant's breach of its duties under the policy, the Plaintiff has been deprived of her underinsured motorist benefits due and owing under the policy;

22. The Plaintiff is entitled to recover from the Defendant her damages caused by the breach of contract, including her attorney fees and expenses and annoyance and inconvenience damages.

### Count II – Common Law "Bad Faith"

23. The Plaintiff hereby restates and re-alleges each and every allegation set forth in paragraphs 1-22, as if set forth herein;

24. Through its actions described herein, and its refusal to pay the Plaintiff's claims, Defendant has breached the common law duty of good faith and fair dealing to the Plaintiff, such that it amounts to "common law bad faith" as recognized in *Hayseeds v. State Farm and Cas. Co.*, 177 W.Va. 323, 352 S.E.2d 73 (1986);

25. Through its actions herein and its refusal to pay the Plaintiff's underinsured motorist claim, the Defendant compelled the Plaintiff to institute litigation in order to recover his amounts due under his policy;

26. As a direct and proximate result of Defendant's bad faith, and its breach of the common law duty of good faith and fair dealing, the Plaintiff is entitled to recover from Defendant the economic and non-economic damages permitted under *Hayseeds* when an insured "substantially prevails", including attorney fees and costs, net economic losses, interest, and damages for annoyance and inconvenience;

27. From its initial notification of the Plaintiff's claim for underinsured motorists benefits, Defendant has acted maliciously and willfully, predetermined to delay and/or deny the fair payment of the Plaintiff's claim;

28. Defendant's deliberate and malicious conduct warrants the imposition of punitive damages;

### Count III – Unfair Trade Practices

29. The Plaintiff hereby restates and re-alleges each and every allegation set forth in paragraphs 1-28, as if set forth herein;

30. The Defendant received a timely notice of the Plaintiff's claim for underinsured motorist benefits, and has had adequate time to investigate any coverage or liability issues, and Defendant was not in any way prejudiced by the timeliness or any alleged lack of timeliness of such notification;

31. At all times relevant herein, Defendant refused to acknowledge and act reasonably and promptly upon communications with respect to the underinsured motorist claim of the Plaintiff, which is a direct violation of W.Va. Code 33-11-4(9)(b);

32. At all times relevant herein, Defendant failed to adopt and/or implement reasonable standards for the prompt investigation of the Plaintiff's underinsured motorist benefits claim arising under the subject policy, which is a direct violation of W.Va. Code 33-11-4(9)(c);

33. At all times relevant herein, Defendant delayed the payment of the Plaintiff's underinsured motorist claim and failed to conduct a prompt and reasonable investigation based upon all available information, which is a direct violation of W.Va. Code 33-11-4(9)(d);

34. At all times relevant herein, Defendant did not attempt in good faith to effectuate a prompt, fair and equitable settlement of the underinsured motorist claim of the Plaintiff despite the fact that liability was reasonably clear, which is a direct violation of W.Va. Code 33-11-4(9)(f);

35. Defendant compelled the Plaintiff to institute litigation in order to recover the benefits due under the underinsured motorist claim of the Plaintiff, which is a direct violation of W.Va. Code 33-11-4(9)(g);

36. Defendant failed to offer the Plaintiff an amount that was fair and reasonable despite the fact that no dispute exists as to coverage or liability, and this constitutes a direct violation of the Code of State regulations, 114-14-6.4;

37. The conduct of Defendant is part of a general business practice and constitutes unfair claim settlement practices under West Virginia law, and specifically under W.Va. Code 33-11-4(9);

38. As a direct and proximate result of the Defendant's unfair claims settlement practices, the Plaintiff has been deprived of the underinsured motorist benefits due under her policy;

39. From the notification of the Plaintiff's claim, Defendant has acted maliciously, willfully, predetermined to delay and/or refuse payment of a fair and reasonable settlement of the Plaintiff's claim, in violation of W.Va. Code 33-11-4(9);

40. The Plaintiff is entitled to recover her damages for the Defendant's unfair trade practices;

41. Defendant's deliberate and malicious conduct warrants the imposition of punitive damages;

42. All of the Plaintiff's losses were, are and will be due solely to and by reason of the carelessness, negligence and recklessness of the Defendant and of Robert Cooper, without any negligence or want of due care on the Plaintiff's part contributing thereto.

**WHEREFORE**, the Plaintiff, Krista D. Capehart, prays judgment against the Defendant for compensatory and punitive damages in an amount that exceeds the jurisdiction of this Court, and as will fully compensate her for her injuries, in an amount to be determined by the jury, plus prejudgment interest, post judgment interest, attorney's fees and costs. **PLAINTIFF DEMANDS A TRIAL OF THE ISSUES BY JURY.**

BY COUNSEL

JAMES B. ATKINS (WV SB #9860)
**ATKINS & OGLE LAW OFFICES, L.C.**
Post Office Box 300
Buffalo, West Virginia 25033
(304) 937-4919 ext 104
(304) 937-4986 FACSIMILE
jatkins@atkinsoglelaw.com

7