# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

KRISTA D. CAPEHART,

        Plaintiff,

v.                                       CIVIL ACTION NO.   3:17-3988

ROBERT COOPER and
WESTFIELD INSURANCE COMPANY,

        Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Westfield Insurance Company's Motion to Bifurcate and Stay. ECF No. 29. For the following reasons, the Court **DENIES** the motion.

In August of 2015, Plaintiff Krista D. Capehart was injured in an automobile accident with Robert Cooper, an alleged underinsured driver. Plaintiff states that Mr. Cooper was solely liable for the accident, and she settled her claims against him for the limits of his insurance policy. *Compl.* at ¶¶ 5-8, ECF No. 1-1. Plaintiff then sought underinsured motorist benefits from her own insurer. Plaintiff claims that Defendant refused to pay her the reasonable value of her claim and, therefore, she filed the current Complaint alleging breach of contract, bad faith, and unfair trade practices. Defendant has joined Mr. Cooper as a nominal defendant.

In the current motion, Defendant now seeks to bifurcate and stay Plaintiff's claims for breach of contract, bad faith, and unfair trade practices claims for discovery and trial purposes,

pending resolution of the underlying tort claims. Defendant argues that bifurcating and staying these claims are necessary to prevent unfair prejudice and protect its ability to defend in the name of Mr. Cooper. Plaintiff strongly disagrees and insists that it is speculative to say that Defendant will suffer any prejudice. On the other hand, she argues it is certain that she will experience prejudice because she will be forced to bear the expense of two discovery periods and two trials.

In deciding this motion, the Court recognizes that bifurcation of a first-party bad faith insurance action is not mandatory, and it is left to this Court's discretion. *See* Syl. Pt. 2, *Light v. Allstate Ins. Co.*, 506 S.E.2d 64, 65 (W.Va. 1998) ("In a first-party bad faith action against an insurer, bifurcation and stay of the bad faith claim from the underlying action are not mandatory. Under Rule 42(c) of the West Virginia Rules of Civil Procedure a trial court, in furtherance of convenience, economy, or to avoid prejudice, may bifurcate and stay a first-party bad faith cause of action against an insurer."); *see also* Fed. R. Civ. P. 42(b), in part ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."). In this case, the Court finds that the cost, time, and effort Plaintiff will have to expend in potentially having to undertake two trials outweighs the potential prejudice to Defendant. This case does not appear to be particularly complex and, presented properly, is unlikely to overwhelm or confuse a jury. Moreover, bifurcation is a disincentive to settlement and impedes judicial economy and efficiency. *See Light v. Allstate Ins. Co.*, 182 F.R.D. 210, 213 (S.D. W. Va. 1998). Therefore, in light of these considerations and in this Court's discretion, the Court **DENIES** Defendant's motion to bifurcate the trials.

Having determined that bifurcation of the trial is unwarranted, the Court likewise finds it unnecessary to bifurcate and stay discovery. In fact, the discovery deadline is in just a few days,[1] and trial is set for October 30, 2018. At this late stage, the Court finds in its discretion there simply is no justifiable reason to stay discovery. Therefore, the Court **DENIES** Defendant's motion to do so.

Accordingly, for the foregoing reasons, the Court **DENIES** Westfield Insurance Company's Motion to Bifurcate and Stay. ECF No. 29

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

    ENTER:    June 18, 2018

    _____
    ROBERT C. CHAMBERS
    UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to the Amended Scheduling Order (ECF No. 13), all depositions must be completed by June 22, 2018. The parties jointly agreed to extend their expert witness disclosure deadline for Defendant to June 29, 2018. ECF No. 24.