IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**KRISTA D. CAPEHART**,

    Plaintiff,

v.                                                                         Case No.:  3:17-cv-03988

**ROBERT COOPER and
WESTFIELD INSURANCE COMPANY**,

    **DefendantS.**

## MEMORANDUM OPINION and ORDER

    Pending before the Court is Plaintiff's Motion to Quash Subpoena or, in the Alternative, Motion for Protective Order. (ECF No. 42). The motion is filed on behalf of Plaintiff and her husband, Curtis R. A. Capehart, Esq., ("Capehart"), a non-party witness in the pending litigation. Defendant Westfield Insurance Company ("Westfield") has filed a response to the motion, (ECF No. 48), and Plaintiff and Capehart have replied, (ECF No. 50). For the reasons that follow, the undersigned **GRANTS** Plaintiff's Motion for a Protective Order and Capehart's Motion to Quash.

    This case arises from an August 14, 2015 accident involving automobiles driven by Plaintiff and Defendant Robert Cooper. Plaintiff suffered physical injuries in the collision. On April 25, 2017, Cooper's liability insurance carrier paid Plaintiff the full amount of coverage available under Cooper's automobile policy. Thereafter, Plaintiff sought recovery of her excess damages from Westfield, Plaintiff's own insurance company, pursuant to her underinsured motorist liability coverage. When the claim was not

1

resolved by August 2017, Plaintiff filed suit in the Circuit Court of Putnam County, West Virginia. The complaint was removed to this Court in September 2017.

Discovery began in January 2018. Based upon the parties' Rule 26(f) conference report, the Court entered a Scheduling Order that required all discovery to be completed by June 22, 2018. (ECF Nos. 12, 13). On April 6, 2018, the parties filed a stipulation extending the expert disclosure deadlines. (ECF No. 24). However, the stipulation did not extend any other deadlines, and it explicitly represented that the extension of the expert disclosures would "not interfere with the time set for completing discovery." (*Id.*). No other stipulations, and no orders extending the discovery deadline, appear in the record.

On June 18, 2018, Westfield served Capehart with a subpoena to testify at deposition. The subpoena instructed Capehart to appear on June 26, 2018 at 9:30 a.m. Two days later, Capehart notified Westfield's counsel that he could not be available at the date and time listed on the subpoena because he had recently started a new job and was unable to miss work. He requested that counsel voluntarily withdraw the subpoena. In the meantime, counsel for the parties exchanged emails about the deposition, bickering about its timing and about various other related matters.

Both parties have supplied email communications demonstrating their original intent to conduct discovery beyond the court-scheduled deadline. Nevertheless, the record is clear that the parties never formalized a private agreement to extend the discovery deadline in writing, nor did they file a motion seeking such an extension from the Court. The record is also clear that the deadline for completing discovery ended before Capehart's deposition was scheduled to occur.

Federal Rule of Civil Procedure 45(d) sets forth the protections available to a person subject to or affected by a subpoena. In particular, Rule 45(d)(3) outlines when a

court *must* quash or modify a subpoena, when it *may* do so, and when the court may direct compliance under specified conditions. For example, the court must quash a subpoena that fails to allow a reasonable time to comply, requires a person to comply beyond the geographic limits specified in Rule 45(c), requires the disclosure of privileged information, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). A subpoena issued under Rule 45 that seeks to secure a non-party deposition is considered a form of discovery. *See Dent v. Siegelbaum,* No. DKC 8-0886, 2012 WL 718835, at *12 (D. Md. Mar. 5, 2012). In the context of discovery, "Rule 45 adopts the standards codified in Rule 26.'" *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005). As such, the same limitations to discovery requests found in Rule 26 should be applied to a subpoena served pursuant to Rule 45. *See, e.g., HDSherer LLC v. Natural Molecular Testing Corp,* 292 F.R.D. 305, 308 (D.S.C. 2013) ("Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. However, the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26.") (citing *Cook v. Howard,* 484 Fed. Appx. 805, 812 (4th Cir. Aug. 24, 2012)).

For good cause shown under Rule 26(c), the court may restrict or prohibit discovery that seeks relevant information when necessary to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). ). In addition, Rule 26(b)(2)(C) requires the court, on motion or on its own, to limit the frequency and extent of discovery, when (1) "the discovery sought is unreasonably cumulative or duplicative;" (2) the discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (3) "the party seeking the discovery has already had ample opportunity to collect the requested information by discovery in the action;" or (4) "the proposed discovery is outside the

scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Local Rule of Civil Procedure 16.1(f) addresses modifications to an existing Scheduling Order. The rule provides that the Court may modify deadlines in the Order for good cause, and the parties may stipulate to modify "disclosure or discovery procedures or limitations" as long as the modifications are in writing, signed by the parties or their counsel, filed promptly with the clerk, and do not affect the trial date or other deadlines, including those for the completion of discovery and filing of motions. L. R. Civ. P. 16.1(f)(1) and (2). Local Rule 16.1(f)(3) allows the parties to privately agree to conduct discovery beyond the discovery deadline, subject to certain constraints, but makes clear that the Court need not resolve a dispute that arises from such a private agreement.

Here, discovery closed on June 22, 2018. Therefore, the deposition subpoena served on Capehart was untimely. In order to have been timely, the deposition would have to have been completed on or before June 22. Given that the subpoena was not served until June 18, 2018, at most, Capehart would have received four days' notice of his deposition. Four days would not have given Capehart reasonable time to comply under Rule 45. Moreover, considering that discovery began in January 2018 and Capehart is Plaintiff's spouse, not a newly identified witness, Westfield had more than ample time to schedule his deposition prior to June 22, 2018.

With respect to counsels' agreement to extend the discovery deadline, the Local Rule and Fed. R. Civ. P. 16(b)(4) plainly state that a Scheduling Order may only be modified by the Court. If the parties agree to conduct discovery beyond the discovery deadline, the Court may honor that agreement, but need not referee disputes that arise therefrom. In this case, the parties do not even agree as to whether they informally consented to extend the discovery deadline. For that reason, the undersigned has looked

4

no further than the deadline in place.

Plaintiff and Capehart have requested reasonable fees and costs in bringing their motion. If they wish to pursue this request, they are **ORDERED** to file within **fourteen (14) days** of the date of this Order an affidavit of reasonable fees and expenses incurred in making the motion, as well as any supportive documentation or argument to justify the amount of fees and expenses requested. *See Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243-44 (4th Cir. 2009). Within **fourteen (14) days** after Plaintiff and Capehart have filed the aforementioned documents, Westfield shall file a response. The response shall include any justification that would obviate against an award of expenses, or, in the alternative, shall include a statement identifying the attorney and/or party whose conduct necessitated the motion to quash and for protective order.

The Clerk is instructed to provide a copy of this Order to all counsel of record.

**ENTERED:** July 23, 2018

Cheryl A. Eifert
United States Magistrate Judge

5